DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Nicholas Hammerschmidt, appeals his conviction for theft in the Medina County Court of Common Pleas. We affirm.
Until June 15, 1998, Defendant was employed by Evergreen Rehabilitation Center ("Evergreen") as a registered nurse. On June 13, 1998, members of the nursing staff at Evergreen discovered that a bubble package containing approximately five tablets of the prescription narcotic Percocet and a corresponding narcotic record sheet were missing from the patient supply. Charge nurse Kimberly Conley identified Defendant as the last person with physical custody of the medication. After consulting with her supervisor, Ms. Conley phoned Defendant to inform him that the bubble pack and narcotic sheet were missing.
After joining in the search for the missing record sheet for a time, Defendant approached supervisor Rebecca Caldwell and requested an opportunity to speak with her. Defendant, Ms. Caldwell, and Ms. Conley assembled in an unoccupied classroom, where Defendant admitted to Ms. Caldwell that he had removed too many Percocet from the bubble packaging. At that time, Defendant produced a white envelope and stated that it contained the missing tablets. He also informed Ms. Caldwell that although he was in severe pain resulting from a car accident, he had not ingested any of the medication.
Ms. Caldwell contacted her supervisor, who instructed her to place the Percocet in an envelope and to slide the envelope under the locked door of the office of the Director of Nursing, Claire Miller. Ms. Miller contacted the Board of Pharmacy, the Board of Nursing, and the Medina County Sheriff. She also contacted Evergreen administration and, pursuant to Evergreen policy, Defendant was terminated from employment on June 15, 1998. He was arrested immediately thereafter.
On June 17, 1998, Defendant was indicted on one count of theft of a dangerous drug in violation of R.C. 2913.02(A)(2) and R.C. 4729.02, a felony of the fourth degree. After a trial to the bench, the trial court found Defendant guilty of theft and sentenced him to five years of community control, forty hours of community service, one hundred eighty days of electronic monitoring, ADDS treatment, and enrollment in a pain management program. Defendant filed a timely notice of appeal, and now raises two assignments of error.
ASSIGNMENT OF ERROR I
The trial court's verdict is not supported by sufficient evidence and it is against the manifest weight of the evidence.
ASSIGNMENT OF ERROR II
The trial court erred as a matter of law in not granting [Defendant's] motion for a [Crim.R.] 29 dismissal of the charge for theft of drugs because the State failed to prove the [Defendant] knowingly or purposely intended to deprive the owner of said drugs, and the trial court thereby denied the [Defendant] due process and equal protection of law.
In his assignments of error, Defendant has argued that his conviction for theft was based on insufficient evidence and was against the manifest weight of the evidence. We disagree.
Following the close of the State's case, Defendant moved for an acquittal pursuant to Crim.R. 29(A), which provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense[.]
If the evidence is such that reasonable minds could differ as to whether the State has proven each element of the offense beyond a reasonable doubt, then the trial court may not grant a motion for acquittal. State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution. Id.;State v. Feliciano (1996), 115 Ohio App.3d 646, 652.
While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion. State v. Thompkins (1997), 78 Ohio St.3d 380,390 (Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. Id. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
R.C. 2913.02(A)(2) prohibits any person from knowingly obtaining or exerting control over property that exceeds the scope of the owner's express or implied consent with the purpose of depriving the rightful owner of the property. The Second District Court of Appeals has summarized the import of this statute as follows:
 Once a person lawfully has control over property with consent, that person cannot thereafter exert control for a different purpose. That person already has control. * * * If the individual begins to use the property for something outside what the owner specifically authorized, the individual has gone beyond the owner's consent.
State v. Dortch (Oct. 15, 1999), Montgomery App. No. 17700, unreported, 1999 Ohio App. LEXIS 4838, at *10. Deprivation of property includes withholding property for a period of time sufficient "to appropriate a substantial portion of its value or use[.]" R.C. 2913.01(C)(1). Defendant has argued that the trial court's determination that he acted to purposefully deprive Evergreen of the medication was against the manifest weight of the evidence. Evidence of a defendant's conduct, however, may be used to establish intent to commit theft. See State v. Brasiel (Aug. 14, 1985), Medina App. No. 1419, unreported.
Rebecca Caldwell testified that narcotics at Evergreen are stored in a medication cart in a compartment with double locks. Within the narcotics drawer, each patient's medications are separately stored so that it is possible to account for the precise number of doses administered to a patient. She informed the court that narcotics are tracked through a two-fold process in which the nurse administering a drug records the dosage on the patient's general medication chart and on a separate chart for narcotics. She stated that in the event a nurse were to remove too many tablets of a narcotic from its packaging, the appropriate procedure would be to notify a nursing supervisor and lock the extra medication in the narcotics drawer. At that point, the Director of Nursing would be contacted, and the narcotics would be immediately destroyed. Claire Miller confirmed that extra medication removed from its packaging would be considered "wasted" because Evergreen policy prohibited it from being administered to a patient.
Kimberly Conley testified that she worked prior to Defendant's scheduled shift on Friday, June 12, 1998. At that time, she noted that an individual patient's supply of Percocet was running dangerously low and contacted the pharmacy for a refill. Approximately seven tablets remained in the old package at the end of her shift. She recalled that on Saturday, June 13, 1998, she noticed that a new package of Percocet had been delivered for the patient, but that the tablets remaining from the existing supply were missing from the medicine cart. She also informed the court that when the supply of a medication was exhausted, the proper procedure would be to make a notation on the narcotics sheet and to place the sheet in the Director of Nursing's mailbox. The narcotics sheet for the patient in question could not be located.
Ms. Conley and Ms. Caldwell each recalled that Defendant came to Evergreen on Saturday, June 13, 1998, to assist with the search. Ms. Caldwell specifically recalled that Defendant looked through the Director of Nursing's mailbox for the missing records. She testified that during the subsequent conversation with Defendant, he admitted that he had done something that he "didn't know how to undo." She stated that he then produced an envelope from his jacket pocket, placed the missing Percocet on a table, and stated that he had not ingested any of the tablets. Ms. Conley confirmed this version of events, adding that Defendant noted that his actions "[were] stupid because he could have got [sic] his own pain pills from his own doctor." Ms. Conley also testified that Defendant had stated during the course of the conversation that he had taken the medication home.
On cross-examination, however, Ms. Conley affirmed that she had no reason to suspect that Defendant's intention was to ingest the Percocet. Defendant explained that on the evening in question, he aggravated an existing injury from an automobile accident while lifting a patient. He recalled that the pain he suffered as a result was intense and debilitating. He conceded that at approximately 8:45 p.m., he removed five extra Percocet from its packaging because, while preparing to administer the medication, he was in extreme pain and was preoccupied with other circumstances. He also conceded that he did not follow the appropriate procedure for recording the incident and destroying the wasted medications. Instead, he maintained that he placed the tablets in an envelope and secured them on a desk at the nurses' station. Defendant stated that a replacement was called in to finish his second shift and that he forgot about the Percocet when his replacement arrived. He insisted that he did not remove the Percocet from the facility and that he did not destroy the narcotics record. On cross-examination, however, Defendant could not offer an explanation for the missing records.
Evergreen permitted Defendant to have limited control over the medication supply for the purposes of administering prescription drugs to patients. To the extent that Defendant purposefully exceeded this consent by taking Percocet into his possession in disregard of facility policy, he was in violation of R.C. 2913.02(A)(2). Although Defendant's testimony diverged from other witnesses' recollection of the events, we note that evaluation of the credibility of witnesses is a function reserved primarily for the trial court. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. In addition, "when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [finder of fact] believed the prosecution testimony." State v.Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4. Our review of the record indicates that the trial court's conclusion that Defendant acted with purpose to deprive Evergreen of the medication is not against the manifest weight of the evidence.
Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
LYNN C. SLABY FOR THE COURT CARR, J., WHITMORE, J., concur.